UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN ELLIS, )<br>)<br>       Petitioner, )<br>v.                                                               )<br>)<br>SUPERINTENDENT, Putnamville   )<br> Correctional Facility,                      )<br>)<br>       Respondent.                          ) | No. 1:08-cv-1672-SEB-DML |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition of John Ellis ("Ellis") for a writ of habeas corpus.[1]

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

Ellis is confined at an Indiana prison as the result of his parole having been revoked on August 20, 2008. Contending that the proceeding was constitutionally infirm, Ellis now seeks a writ of habeas corpus.

A federal court may issue a writ of habeas corpus such as Ellis seeks only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[1]The petitioner's custodian, named in his or her official capacity only, is **substituted** as the sole and proper respondent in this action.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Baldwin v. Reese,* 541 U.S. 27, 29 ( 2004)(internal quotations and citations omitted).

Ellis contends that his parole has been improperly revoked. Such a claim can be brought in the trial court through an action for post-conviction relief. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief"). This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985). Ellis reveals in his habeas petition that he has not filed an action for post-conviction relief in the trial court.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Ellis to proceed with his claims in the Indiana courts, if he elects to do so.

Because the petition shows on its face that the petitioner is not entitled to the relief he seeks, the petition is summarily dismissed pursuant to *Rule 4*. Judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice.

**IT IS SO ORDERED.**

Date: 01/05/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana